IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/28/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

KATHLEEN DUDLEY SANCHEZ-PINTO,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
MARKWAYNE MULLIN, Secretary, DHS; and
DAVID VENTURELLA, Acting Director, ICE,

Respondents.[1]

Case No. 26-3323-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials without a bond hearing. The Government has filed an answer to the petition, and the deadline for petitioner's traverse has passed, and the matter is therefore ripe for ruling. For the reasons set forth below, the Court **denies** the petition.

As her sole basis for relief stated in the petition, petitioner challenges her mandatory detention under 8 U.S.C. § 1225(b)(2), arguing that she should be deemed detained pursuant to 8 U.S.C. § 1226(a), which allows for discretionary release on bond. In its

[1] Because petitioner named only her warden as a respondent, the Court has added two federal officials as respondents pursuant to its Standing Order 26-04. Petitioner is directed to use this case caption in any future filings.

answer, the Government represents that petitioner is now being detained under Section 1226(a), as evidenced by a written notice of a custody determination conducted under that statute, on which notice petitioner checked a box indicating that she requests a bond hearing. Thus, the Government, while arguing that petitioner cannot now succeed on her claim as stated, has conceded in effect that petitioner is entitled to a review by an immigration judge of her request for release on bond. Because the Government is no longer subjecting petitioner to mandatory detention and is granting petitioner the opportunity to argue in favor of discretionary release at a bond hearing, petitioner cannot show a present violation of federal law, and the Court therefore denies the petition.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 28th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] In a similar case, the Court rejected the petitioner's argument that a Court order was still required to ensure that the immigration court did not refuse to consider the merits based on a lack of jurisdiction. *See Salazar Coto v. Mackey*, 2026 WL 2408777 (D. Kan. Aug. 18, 2026) (Lungstrum, J.). In that case, the Court stated that it was incumbent on the Government to make sure that the merits were considered at any such hearing, as it had taken the position that this Court need not order a bond hearing because petitioner is detained under Section 1226(a) – thus in essence representing that the immigration court would grant a merits-based hearing; and the Court further warned that if the immigration court did claim a lack of jurisdiction to consider the petitioner's request, this Court would entertain an emergency motion to reopen the case, and it would order a bond hearing and consider requests for other relief or sanctions as appropriate. *See id.* at *1 n.2. That admonition applies here as well.